IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-02054-STV

MARY MENDOZA

      Plaintiff,
v.

MIDWOOD BRANDS, LLC,
JD, LLC DIRECT IMPORTS,
JIANGSU ZHONGHENG PET ARTICLES, CO., LTD.,
FAMILY DOLLAR STORES, INC.
AND DOLLAR TREE, INC.,

      Defendants.

_____

**ORDER**
_____

Chief Magistrate Judge Scott T. Varholak

      This matter comes before the Court on Defendants Family Dollar Stores, Inc. and Dollar Tree, Inc.'s Rule 12(b)(6) Motion to Dismiss [#94] (the "Motion"). The parties have consented to proceed before the undersigned United States Magistrate Judge for all proceedings, including entry of a final judgment. [##70, 71, 104] The Court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Motion is **DENIED**.

1

I.   **BACKGROUND**[1]

Plaintiff, Mary Mendoza, sustained an injury at her home on August 15, 2019, while using a Family Pet Tie-Out Cable dog chain ("the cable"). [#82 at ¶¶ 39, 84-85] She purchased the cable from Family Dollar Stores of Colorado, Inc. ("Family Dollar Colorado"), in March of 2019 to tether her dog, Benji, in the front yard of her apartment complex. [*Id.* at ¶¶ 8, 71, 76] On the day of the accident, Plaintiff secured Benji with the cable to an A/C unit which was bolted to her cement patio. [*Id.* at ¶ 77] Unlike his typical behavior, Benji began barking at a passerby which prompted Plaintiff to pull on the cable in an attempt to quiet him. [*Id.* at ¶¶ 80-81] She wrapped the cable once around her hand and once around her right index finger. [*Id.* at ¶ 82] Benji continued to pursue the passerby, causing the cable to tighten around her hand and finger. [*Id.* at ¶ 84] She sustained a deep gash and was taken to the hospital where doctors diagnosed the injury as a dislocated Distal Interphalangeal Joint which ultimately resulted in the amputation of her finger. [*Id.* at ¶¶ 85, 90, 94]

On June 25, 2021, Plaintiff filed a complaint in Adams County District Court against the sole initial defendant, Midwood Brands, LLC ("Midwood"), the exclusive distributor of the cable to Family Dollar stores. [#5] The initial complaint noted that Dollar Tree, Inc. ("Dollar Tree") is the parent corporation of Family Dollar Stores, Inc. ("Family Dollar Inc."), that Family Dollar Inc. is the parent corporation of Family Dollar Colorado, and that Family Dollar Colorado is the parent corporation to Midwood. [*Id.* at ¶¶ 8-10, 12] The initial

---

[1] The facts are drawn from the allegations in Plaintiff's Fourth Amended Complaint (the "Complaint") [#82], which must be taken as true when considering a motion to dismiss. *Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

2

complaint asserted three claims: strict product liability – failure to warn; strict product liability – design defect; and negligence.  [*Id.* at ¶¶ 97-168]  After removing the case to this Court based on diversity of citizenship jurisdiction [#1], Midwood filed its Answer in which, among other things, it denied that it designed the product [##2 at ¶ 117; 5 at ¶ 117].  And in a designation of non-party at fault, which Midwood filed on December 6, 2021, Midwood claimed that JD LLC, Direct Imports ("JD"), a Florida company, "was responsible for the product design, product manufacture, product label, product warnings, product instructions, product selection, product assembly, and sale of the Family Dollar Pet Tie Out Cable and is wholly at fault for Plaintiff's alleged damages and claims."  [#22 at 2]  This led Plaintiff to join JD as an additional defendant.  [#25]

JD answered, denied liability, and designated Jiangsu Zhongheng Pet Articles, Co., Ltd. ("Jiangsu"), a Chinese company, as the manufacturer, designer, packager of the product, and the entity responsible for any defect in the product.  [##31, 32]  Plaintiff then joined Jiangsu as another defendant.  [#36]  A service-of-process issue as to foreign-defendant Jiangsu temporarily halted Plaintiff's search for the actual cable designer, further delaying the adjudication of her complaint.  [##43, 44, 45, 47]

Once that issue was finally resolved, Jiangsu filed its Answer on October 14, 2024, denying liability.  [#67]  On December 12, 2024, the complaints came full circle when Jiangsu designated "Family Dollar Stores, Inc. and/or Dollar Tree, Inc." as a non-party at fault.  [#76]  Jiangsu claimed that one of those companies, collectively referred to by Jiangsu as "Family Dollar," "specified the design of the cable at issue in this action and thus controlled the design of the cable prior to Jiangsu's manufacture."  [*Id.* at 1]  According to Jiangsu, "Family Dollar" provided Jiangsu with a sample of the cable, had

Jiangsu manufacture cables like the sample, and tested the cable to make sure that it met Family Dollar's mechanical and physical characteristics, workmanship, and performance tests.  [*Id.* at 1-2]  Thus, according to Jiangsu, as to any design defect, Family Dollar, not Jiangsu, is the responsible party.  [*Id.*].

In response, on February 5, 2025, Plaintiff filed her Fourth Amended Complaint and joined Family Dollar Inc. and Dollar Tree as Defendants.  [#82]  The operative Complaint includes three claims for relief: (1) strict product liability – failure to warn [*id.* at ¶¶ 122-70]; (2) strict product liability – design defect [*id.* at ¶¶ 171-80]; and (3) negligence [*id.* at ¶¶ 181-99].  Defendants Family Dollar Inc. and Dollar Tree (collectively, the "Moving Defendants") have now filed the instant Motion, arguing that Plaintiff missed her two-year statute of limitations window to join them as defendants.  [#94]  Plaintiff has responded to the Motion [#97] and the Moving Defendants have replied [#102].

II.   **STANDARD OF REVIEW**

To survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While the Court must accept the well-pled allegations of the complaint as true and construe them in the light most favorable to the plaintiff, *Robbins v. Wilkie*, 300 F.3d 1208, 1209-10 (10th Cir. 2002), conclusory allegations are not entitled to be presumed true, *Iqbal*, 556 U.S. at 681.  Nonetheless, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the

4

speculative level, that plaintiff has met the threshold pleading standard. *See, e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

Even so, a well-pleaded complaint may still be dismissed where the complaint itself reveals that the claim is time-barred. *See Bristol Bay Prods., LLC v. Lampack,* 312 P.3d 1155, 1164 (Colo. 2013); *Sterenbuch v. Goss*, 266 P.3d 428, 432 (Colo. App. 2011) ([W]hen the material facts are undisputed and reasonable persons could not disagree about their import, [statute of limitations] questions may be decided as a matter of law."). "Although the statute of limitations bar is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss 'when the dates given in the complaint make clear that the right sued upon has been extinguished.'" *Solomon v. HSBC Mortgage Corp.*, 395 F. Appx. 494, 497 (10th Cir. 2010) (unpublished) (*quoting Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980)). "If the allegations [of a complaint] show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1096 (10th Cir. 2009) (quotation omitted). And "any party claiming the benefit of equitable tolling of a limitations period . . . [bears] the burden of proving justifiable circumstances." *Olson v. Federal Mine Safety & Health Review Comm'n*, 381 F.3d 1007, 1014 (10th Cir. 2004).

This Court, sitting in diversity, must apply Colorado substantive law, including Colorado's statute of limitations. *Wilkinson v. United of Omaha Life Ins. Co.,* No. 23-cv-02699-GPG-NRN, 2024 WL 5378117, at *3 (D. Colo. Aug. 2, 2024) (citing *Guaranty Tr. Co. v. York*, 326 U.S. 99, 110 (1945)). In Colorado, a cause of action for products liability

5

must be brought within two years.  Colo. Rev. Stat. § 13-80-106(1).  The statute provides as follows:

> (1) Notwithstanding any other statutory provisions to the contrary, all actions except those governed by section 4-2-725, C.R.S., brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product shall be brought within two years after the claim for relief arises and not thereafter.

*Id.*  The cause of action arises when the injured party knows or, in the exercise of reasonable diligence, should have known the facts central to the injury.  Colo. Rev. Stat. § 13-80-108(1).  In other words, the clock starts running when the claimant is in a position to be on notice of the nature and extent of an injury and that the injury was caused by the wrongful conduct of another.  *See Miller v. Armstrong World Industries, Inc.*, 817 P.2d 111, 113 (Colo. 1991).  It is a plaintiff's responsibility to name all relevant parties within the two-year window, or else the claim is barred.  *See Yoder v. Honeywell Inc.,* 900 F. Supp. 240, 247-48 (D. Colo. 1995); *See also Lavarato v Branney*, 210 P.3d 485, 489 (Colo. App. 2009) ("A plaintiff is responsible for determining who is liable for her injury and for doing so before the statute of limitations expires."); *Kohler v. Germain Inv. Co.,* 934 P.2d 867, 869 (Colo. App. 1996) ("[T]he fact that various parties may be liable for the contamination does not excuse plaintiffs from the statutory obligation to exercise reasonable diligence in determining the responsible party.").

### III.   ANALYSIS

Moving Defendants argue that Plaintiff's claims against them in her Fourth Amended Complaint are untimely.  [#94 at 3-5]  They contend that the statute of limitations

6

began to run on August 15, 2019, when the injury occurred. [*Id.* at 5] Thus, according to Moving Defendants, because Plaintiff did not join them as Defendants until February 5, 2025, three-and-a-half years after the expiration of the statute of limitations, Plaintiff's claims are untimely. [*Id.* at 5] The Court disagrees.

Moving Defendants' burden at this stage of the case is to show that, on the face of the Fourth Amended Complaint, it is beyond dispute that, in the exercise of reasonable diligence, Plaintiff should have known of their involvement in the design and manufacture of the cable before the limitation period ran. They have not met this burden. They note Plaintiff's awareness from the outset of the litigation of Family Dollar Inc.'s and Dollar Tree's relationship with Midwood. [*Id.* at 2] But Defendants' argument disregards several important points. To begin, the Complaint identifies Jiangsu's nonparty designation which asserted that Family Dollar Inc. or Dollar Tree specified the design of the cable. [#82 at ¶ 24] That designation was filed on December 13, 2024. [#76] And there is nothing on the face of the Complaint that would have clearly indicated that Plaintiff should have learned about the role of Family Dollar Inc. or Dollar Tree *in designing the cable* before that designation was filed. Indeed, there is nothing on the face of the Complaint that indicates that Plaintiff should have earlier known that Family Dollar Inc. or Dollar Tree played any role beyond acting as the retail seller of the cable. And under Colorado law, parties considered to be purely sellers are not considered liable parties in a products liability case. *See* Colo. Rev. Stat. § 13-21-402(1) ("No product liability action shall be commenced or maintained against any seller of a product unless said seller is also the manufacturer of said product or the manufacturer of the part thereof."). Thus, because

7

the operative Complaint naming Family Dollar Inc. and Dollar Tree was filed on February 5, 2025, it was filed within the two year limitation window.

But there is more. Going back to the original complaint, Plaintiff alleged that Midwood, the distributor, was a subsidiary of Family Dollar Colorado, which in turn was a subsidiary of Family Dollar Inc., which in turn was a subsidiary of Dollar Tree, which in turn was a subsidiary of SKM Partners, LLC ("SKM"). [#5 at ¶¶ 7-10, 12]. The Court assumes for present purposes that, as Jiangsu ultimately claimed, Family Dollar Inc. or Dollar Tree was the actual designer of the cable. The Court would not necessarily expect Midwood to point to its parent companies. But what Midwood did, in effect, was misdirect Plaintiff by claiming that JD was responsible for the design, manufacture, labeling, warnings, instructions, selection, assembly, and sale of the cable. The four iterations of Plaintiff's complaint indicate that she was essentially led on a two-year goose chase—from Colorado, to Florida, to China—searching for the party responsible for designing the cable. Each pursuit identified a new defendant to join, only to circle back to Family Dollar Inc. and Dollar Tree.

This history is relevant to the question of whether Plaintiff failed to investigate her claim with reasonable diligence. This cannot be readily determined based solely on the Complaint. The timeline presented does not paint a clear picture of what caused the three-and-a-half-year delay to join these Defendants. Was the delay caused by each Defendant's deflection of responsibility for the cable design? Were there avenues that a reasonable person would have followed that would have led to an earlier discovery of Family Dollar Inc.'s and Dollar Tree's role in the design of the product? Untying this Gordian Knot entails a fact-intensive inquiry. It is not appropriate for this Court, in a

threshold motion where all inferences must lean in a plaintiff's favor, to render a judgment on contested facts.

## IV. CONCLUSION

For the foregoing reasons, Defendants Family Dollar Stores, Inc. and Dollar Tree, Inc.'s Rule 12(b)(6) Motion to Dismiss [#94] is **DENIED**.

DATED: September 24, 2025	BY THE COURT:

<pre>                                        s/Scott T. Varholak
                                        Chief United Stated Magistrate Judge</pre>